**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-61402-BLOOM/Valle**

BRODERICK TAYLOR, SR.,

      Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

      Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's and Defendant's Motions for Summary Judgment, *see* ECF Nos. [21] and [22], which were previously referred to the Honorable Alicia O. Valle for a Report and Recommendation. *See* ECF No. [24]. On August 10, 2018, Judge Valle issued a Report and Recommendation (the "Report"), recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Administrative Law Judge's ("ALJ") Decision be affirmed. *See* ECF No. [33]. In the Report, Judge Valle advised the parties that they would have fourteen days to file any objections to the findings and recommendations with the District Court. *See id*. at 25. Plaintiff timely filed Objections on August 24, 2018. *See* ECF No. [34]. The Court has considered Plaintiff's Objection, has conducted a *de novo* review of Judge Valle's Report and the record, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

Upon review, the Court finds Judge Valle's Report to be well reasoned and correct. The Court agrees with the analysis in Judge Valle's Report and concludes that Plaintiff's Motion for

Summary Judgment must be denied, and that Defendant's Motion for Summary Judgment must be granted. In so concluding, the Court has considered the Plaintiff's Objection and overrules it for the reasons that follow.

## I.      STANDARD OF REVIEW

The Court's review of the ALJ's decision is limited to whether there is substantial evidence in the record as a whole to support the ALJ's finding and whether the ALJ applied the correct legal standards in making her determination. *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Carson*, 440 F. App'x at 864 (quoting *Crawford*, 363 F.3d at 1158); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal citation omitted). Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). Within this narrow role, however, courts do not act as automatons. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Rather, a court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* (citing *Bloodsworth*, 703 F.2d at 1239).

## II.    ANALYSIS

On June 16, 2016, the ALJ denied Plaintiff's application for disability insurance benefits and supplemental security income. ECF No. [18], at 25–35.[1] Employing the five-step sequential analysis to determine eligibility,[2] the ALJ determined Plaintiff suffered from the following severe impairments: thyroid carcinoma, hyperthyroidism, hypocalcemia, hypertension, diabetes, spur of the left knew, neuropothy, asthma, chronic kidney disease, and obesity. ECF No. [18-1] at 300, 345. However, the ALJ concluded that Plaintiff had the residual functional capacity to perform "light work," thus allowing her perform her past relevant work as a waitress and cashier. ECF No. [18] at 29, 34–35. In reaching this conclusion, the ALJ assigned partial weight to the determination of Dr. Margaret Grano, a non-examining physician. *Id.* at 34. In doing so, the ALJ stated:

> Margaret Grano, a medical expert, opined that the claimant could sit for 8 hours, never be exposed to unprotected heights, operating a motor vehicle, or be exposed to dust, odors, fumes, or pulmonary irritants; occasionally be exposed to extreme cold, extreme heat, and vibrations; and frequently be exposed to humidity and wetness (Ex. 45F). Partial weight is accorded to this opinion. Dr. Grano is a specialist who had the opportunity to examine all the record evidence, and her opinion is consistent with the substantial evidence in the medical record . . . . However, partial weight is given to this opinion because Dr. Grano was not able to give an opinion with regard to claimant's exertional or postural limitations."

*Id.*

In Plaintiff's Motion for Summary Judgment, she argued that the ALJ erred by giving any weight to Dr. Grano's opinion as there was insufficient evidence for Dr. Grano to form an

---

[1] The Court's review of the procedural background is limited to the facts necessary to address Plaintiff's Objection. The citations to the proceedings before the ALJ, *see* ECF No. [18], are to the number located on the bottom-right hand corner of the transcripts.

[2] To determine whether a claimant is disabled, the ALJ must determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe; (3) whether the impairments meet or equal the criteria of an impairment set forth in the regulations; (4) whether the claimant has the "residual functional capacity" to perform his past relevant work; and (5) whether the claimant is able to perform any other work. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

opinion to a reasonable degree of medical certainty about the nature and severity of Plaintiff's impairments. *See* ECF No. [21] at 9–11.

In reviewing the ALJ's decision, Judge Valle concluded that the ALJ did not err in assigning "partial weight" to Dr. Grano's opinion. *See* ECF No. [33] at 17. Specifically, Judge Valle noted that the portions of the Medical Source Statement ("MSS") and the Interrogatory Form (the "Report) in which Dr. Grano expressed an opinion included careful explanation for the basis of the findings and specific references to the medical record. *Id.* Judge Valle found that the ALJ's decision made clear that "partial weight" was given only to those portions of the Report where Dr. Grano expressed an opinion regarding environmental and hand limitations, but not to those parts on which Dr. Grano declined to opine. *Id.* Judge Valle explained that "[i]n this regard, the ALJ clearly stated his reasoning and explained that 'partial weight is given to this opinion because Dr. Grano was not able to give an opinion with regard to claimant's exertional or postural limitations.'" *Id.* (quoting ECF No. [18] at 34). Moreover, Dr. Grano supported her opinion with citation to the medical record. *Id.* at 17–18. Thus, Judge Valle found that the ALJ sufficiently stated his reasons for evaluating Dr. Grano's opinion, which were supported by substantial evidence. *Id.*

Plaintiff objects to Judge Valle's interpretation of Dr. Grano's Report and Judge Valle's interpretation of the ALJ's use of the report. Specifically, Plaintiff raises three arguments: (1) there is no direct evidence to support Judge Valle's interpretation that Dr. Grano's Report specifies the matters on which she opined and those on which she reserved opinion; (2) it was inappropriate for Judge Valle to conclude that the ALJ's decision gave partial weight to the portions of Dr. Grano's Report that expressed opinions but not to those portions on which Dr. Grano declined to opine; and (3) Judge Valle's conclusion that Dr. Grano's opinions are

supported by substantial evidence is contradicted by Dr. Grano's own Report and, in any event, is "irrelevant to the determination before the Court." *Id.* at 1–3.[3]

First, the Court agrees with Judge Valle that Dr. Grano's Report specifies the matters on which she opined and those on which she declined to opine. Dr. Grano responded to all sections and sub-questions in the Report. Plaintiff does not identify any particular portion of the Report in which there is any ambiguity as to whether Dr. Grano is offering an opinion or declining to offer an opinion. Based on this Court's review of the Report, it is evident where Dr. Grano offers an opinion and where Dr. Grano does not. Where Dr. Grano declines to opine, the Report includes clear language, such as "cannot comment," "unclear," "unable to fully comment," "follow-up documentation since 9/26 would be needed." *See* ECF No. [18-1] at 1745–55. In contrast, it is evident that Dr. Grano's notations stating her findings are, in fact, opinions. *See id.*

Second, the Court agrees with Judge Valle that the ALJ's decision gave partial weight to the portions of Dr. Grano's Report that expressed opinions but not to those portions on which Dr. Grano declined to opine. Plaintiff refers to Dr. Grano's response to Interrogatory 3, indicating that there is not sufficient objective medical and other evidence to allow Dr. Grano to form opinions about the nature and severity of Plaintiff's impairments. ECF No. [34] at 3 (citing ECF No. [18-1] at 1752). Yet, the ALJ's Opinion recognizes this limitation, stating "partial weight is given to this opinion because Dr. Grano was not able to give an opinion with regard to claimant's exertional or postural limitations." ECF No. [18] at 34. To the extent that Plaintiff is attempting

---

[3] Plaintiff also states that she is "continuing to assert" two other arguments: that the ALJ had a duty to recontact Dr. Grano before assigning weight to her report and that the ALJ's RFC assessment is not based on substantial evidence because the ALJ improperly relied upon Dr. Grano's medical opinion in formulating the assessment. ECF No. [34] at 4. The Court need not address these objections, as "[i]t is improper for an objecting party to submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Kita v. Berryhill*, 2017 WL 3601825, at *2 (S.D. Fla. Aug. 3, 2017) (citing *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)).

to argue that the ALJ may have given partial weight to portions of Dr. Grano's Report that did not express an opinion, that argument collapses on itself – there is nothing to weigh in the Report other than Dr. Grano's opinions.

Finally, the Court agrees with Judge Valle's conclusion that Dr. Grano's opinions are supported by substantial evidence. As an initial matter, Plaintiff is incorrect that is irrelevant whether Dr. Grano's opinions are supported by substantial evidence. To the contrary, an ALJ in weighing medical opinions must consider whether the medical source's opinion is well-supported and whether the opinion is consistent with the record as a whole *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see, also*, *T.R.C. ex rel. Boyd v. Comm'r of Soc. Sec. Admin.,* 553 F. App'x 914 (11th Cir. 2014) (concluding that the ALJ properly gave substantial weight to the opinion of a non-examining source because the doctor provided supporting explanation for the opinion and it was supported by the record); *Key v. Comm'r of Soc. Sec.*, No. 12-CV-415-OC-18PRL, 2013 WL 4774768, at *7 (M.D. Fla. Sept. 4, 2013) (finding no error in the ALJ's reliance on the testimony of a non-examining medical expert who reviewed the entire record and opined on claimant's limitations); *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (affirming the ALJ's decision to give more weight to the opinion of non-examining doctor); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 873-74 (11th Cir. 2011) (holding that the ALJ did not err in relying on the reports of non-examining physicians "because their opinions were supported by the record"); *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 851 (11th Cir. 2006) (holding that substantial evidence supported the ALJ's decision to assign great weight to non-examining physicians' opinions that "were supported by and consistent with the record as a whole").

The Court also agrees with Judge Valle that Dr. Grano's opinions are supported by substantial evidence. Plaintiff does not contest Judge Valle's finding that the record as a whole (apart from Dr. Grano's Report) supports Dr. Grano's opinions. Instead Plaintiff contends that the Report contradicts itself because it states that there is not sufficient objective medical and other evidence to allow Dr. Grano to form opinions about the nature and severity of Plaintiff's impairments. But as discussed above, it is evident in the Report where Dr. Grano was able to offer an opinion and where she lacked the evidence to do so. Accordingly, the portions of the Report that the ALR afforded partial weight are supported by substantial evidence.

### III.    CONCLUSION

In sum, the Court agrees with Judge Valle's determination that the ALJ properly weighed Dr. Grano's opinions. Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    Judge Valle's Report and Recommendation, **ECF No. [33]**, is **ADOPTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. [21]**, is **DENIED**.

3.    Defendant's Motion for Summary Judgment, **ECF No. [22]**, is **GRANTED**.

4.    Defendant's Objections, **ECF No. [34]**, are **OVERRULED.**

5.    The ALJ's Decision is **AFFIRMED**.

6.    The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 28th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Magistrate Judge Alicia O. Valle

Counsel of Record